IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KELLY ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 126-051 |
| | ) | |
| JOY CAMPANELLI; | ) | |
| GENINE D. EDWARDS; and | ) | |
| BRIAN GOTTLIEB, | ) | |
| | ) | |
| Defendants. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above captioned case. Because Plaintiff is proceeding IFP, the complaint must be screened to protect potential defendants. <u>Phillips v. Mashburn</u>, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

### I.   Screening the Complaint

### A.   Background

Plaintiff alleges without any elaboration: "Defendants had ex parte communication. This case is within federal jurisdiction. Plaintiff demands damages to be decided by the Court." (Doc. no. 1, p. 1.)

### B.   Discussion

#### 1.   Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant

who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the Court has a duty to re-write the complaint.  See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**2.**       **Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted**

Plaintiff's allegations fail to state any facts that would give rise to jurisdiction or any type of claim.  Plaintiff provides no details about whom any Defendant is alleged to have had ex parte communication, or why any such communication is prohibited.  Nor does Plaintiff provide any basis upon which federal jurisdiction exists.  Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction.  Goodman *ex rel*. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).  However, even if there were federal jurisdiction, as the complaint is but "an unadorned, the-defendant-unlawfully-harmed-me accusation" that ""tenders 'naked assertions' devoid of 'further factual enhancement,'" it fails to state a claim for relief.  Iqbal, 556 U.S. at 678  (quoting Twombly, 550 U.S. at 555, 557).

## II.     Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's case be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 2nd day of April, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3